# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
17 JAN 2023 02:54 pm
G. IMPERATO

| | |
|---|---|
| PAUL PETERY, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS<br>2540 Speckled Drive<br>East Petersburg, PA 17520<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY<br>9800 Fredericksburg Road<br>San Antonio, TX 72822 | : SEPTEMBER TERM, 2022<br>:<br>: NO. 000046<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-1701 | Le han demando a usted en la corte. Si usted quiere defenderse de estas demandos expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder diner or sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: 215-238-1701 |

Case ID: 220900046

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

| | |
|---|---|
| PAUL PETERY, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS<br>2540 Speckled Drive<br>East Petersburg, PA  17520<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY<br>9800 Fredericksburg Road<br>San Antonio, TX  72822 | : SEPTEMBER TERM, 2022<br>:<br>:<br>: NO. 000046<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1. The plaintiff, Paul Petery, is an adult individual citizen and resident of the Commonwealth of Pennsylvania residing at 2540 Speckled Drive, East Petersburg, PA  17520.

2. The defendant, USAA Casualty Insurance Company ("USAA"), is a corporation organized and existing in the state of Texas, with its principal place of business in San Antonio, Texas, being duly authorized to and regularly and routinely conducting business in the City and County of Philadelphia in the Commonwealth of Pennsylvania.

3. In the present action, Paul Petery, individually and on behalf of a class of similarly situated persons, seeks recovery of: (a) monies for the total loss of his vehicle which had a Reconstructed Title in the same amount as for a vehicle with a Regular Title; and/or (b) excess premiums paid for comprehensive and collision coverage for the insured vehicle in excess of the amount charged for coverage for a vehicle with a Regular Title.

4. USAA charged premiums for collision and comprehensive coverage under automobile policies issued for vehicles with a Reconstructed Title in the same amount as for

1

vehicles with a Regular Title while providing a lesser coverage benefit for a total loss for vehicles with a Reconstructed Title.

5. The defendant, USAA, regularly and routinely conducts business in the City and County of Philadelphia, Pennsylvania.

**Insurance Coverage**

6. USAA regularly issues auto policies providing collision and comprehensive coverages.

7. USAA regularly issues auto policies providing collision and comprehensive coverages to vehicles with: (a) Reconstructed Titles; and (b) Regular Titles.

8. At all times material hereto, there existed, in full force and effect, an auto policy issued by USAA to Paul Petery ("USAA Policy") providing comprehensive and collision coverages.

9. The USAA Policy insured a 2004 Acura TL owned by Paul Petery which had a Reconstructed Title at the time of the loss in question.

10. Because the USAA Policy insured a vehicle with a Reconstructed Title, USAA provided a lesser comprehensive and collision coverage benefit for total loss than if the policy insured a vehicle with a Regular Title.

11. Despite providing a lesser comprehensive and collision coverage benefit for a total loss for a vehicle with a Reconstructed Title, USAA charged a premium for comprehensive and collision coverage in the same amount as for those policies with a Regular Title.

12. In other words, USAA charges the same premium for comprehensive and collision coverage to persons with a Reconstructed Title as though with a Regular Title while

2

providing a lesser coverage benefit for a total loss to those persons who have an insured vehicle with a Reconstructed Title.

13. Thus, assuming all things are equal, USAA charges the same premium for comprehensive and collision coverages to the insured with a Regular Title and to the insured with a Reconstructed Title despite providing a lesser coverage benefit for a total loss to the insured with a Reconstructed Title.

14. USAA is thus reaping a windfall by charging a premium for coverage for a total loss which it will never provide.

15. The plaintiff, Paul Petery, individually and on behalf of a class of similarly situated persons, is seeking: (a) monies for the total loss of his vehicle which had a Reconstructed Title in the same amount as for a vehicle with a Regular Title; and/or (b) excess premiums paid for comprehensive and collision coverage for the insured vehicle in excess of the amount charged for coverage for a vehicle with a Regular Title.

## Underwriting and Issuance of Policies

16. In underwriting and issuing policies, USAA is aware of the nature of the Title of the vehicle being insured, whether it be a Regular Title or a Reconstructed Title.

17. In underwriting and issuing policies which provide comprehensive and collision coverage, USAA charges the same premium, all other things being equal, for the vehicle with the Regular Title as for the vehicle with the Reconstructed Title.

18. The USAA Policy, however, provides a lesser comprehensive and collision coverage benefit for the total loss to a vehicle with a Reconstructed Title than the comprehensive and collision coverage benefit for the total loss to a vehicle with a Regular Title.

3

Case ID: 220900046

19. USAA, therefore, is knowingly charging an additional premium for comprehensive and collision coverages for the vehicle with a Reconstructed Title while providing lesser coverage in the total loss situation than the vehicle with a Regular Title.

20. The plaintiff, Paul Petery, is thus seeking: (a) monies for the total loss of his vehicle which had a Reconstructed Title in the same amount as for a vehicle with a Regular Title; and/or (b) excess premiums paid for comprehensive and collision coverage for the insured vehicle in excess of the amount charged for coverage for a vehicle with a Regular Title.

## Reconstructed Title

21. At all times material hereto, the USAA Policy insured a 2004 Acura TL owned by Paul Petery.

22. On January 10, 2020, Paul Petery's wife was driving the 2004 Acura TL when she was rear-ended while stopped in traffic.

23. Following the accident, a USAA estimator determined that the 2004 Acura TL was a total loss.

24. Following the accident, Paul Petery arranged to have the 2004 Acura TL fully repaired.

25. Following the total repair of the vehicle, Paul Petery completed the Commonwealth of Pennsylvania Enhanced Vehicle Safety Inspection Program, obtained a Reconstructed Title for the 2004 Acura TL and re-registered the vehicle with the Commonwealth of Pennsylvania.

26. The 2004 Acura TL was insured under the USAA Policy for, *inter alia*, comprehensive and collision coverage.

4

27. At or about that time, Paul Petery specifically asked a representative of USAA whether he would be paid less for his vehicle in the event of a total loss because it had a Reconstructed Title.

28. In response to this inquiry, Paul Petery was advised by the representative of USAA that the Reconstructed Title would not affect the value of the vehicle or the payments to be made for the vehicle by USAA in the event of a total loss.

29. USAA was fully aware that the 2004 Acura TL insured under the USAA Policy had a Reconstructed Title.

30. USAA specifically advised Paul Petery that the fact that the 2004 Acura TL had a Reconstructed Title would not affect its value in the event of a total loss so that he would be paid the same for the vehicle in the event of a total loss as if it had a Regular Title.

### Accident

31. On September 3, 2020, Paul Petery's wife, while operating the 2004 Acura TL, was rear-ended while stopped on Miller Road in East Petersburg, Pennsylvania.

32. Following the September 3, 2020 accident, a USAA estimator confirmed that the 2004 Acura TL was a total loss.

33. Rather than pay the amount due and owing under the USAA Policy for the total loss to the 2004 Acura TL as if it had a Regular Title, USAA determined that the value of the vehicle was less since it had a Reconstructed Title.

34. In determining the value of the 2004 Acura TL following the September 3, 2020 accident, USAA used the Dealer Quote method of valuation rather than the Guide Source method for valuation of the total loss.

5

35. Following the September 3, 2020 accident, USAA offered to pay Paul Petery for the total loss of his vehicle, an amount for the 2004 Acura TL less than it would pay if the vehicle had a Regular Title since it had a Reconstructed Title.

36. If the 2004 Acura TL had a Regular Title, rather than a Reconstructed Title, at the time of the September 3, 2020 accident resulting in a total loss, USAA would have offered to pay Paul Petery a greater amount for the vehicle than it did otherwise.

37. Because the 2004 Acura TL had a Reconstructed Title, USAA offered to pay a lesser amount for the total loss of the vehicle than for the vehicle if it had a Regular Title at the time of the loss.

38. Nonetheless, Paul Petery paid premiums for comprehensive and collision coverage for the 2004 Acura TL in the same amount as if it had a Regular Title rather than a Reconstructed Title.

39. As a result, Paul Petery received a lesser coverage benefit since his vehicle had a Reconstructed Title while Paul Petery was paying premiums in the same amount as if the vehicle had a Regular Title.

### Class Action Allegations

40. Paul Petery brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

41. USAA has continuously, systematically and wrongfully issued policies providing comprehensive and collision coverage to vehicles with Reconstructed Titles which provided a lesser coverage benefit in the event of a total loss while charging premiums in the same amount as if the insured vehicle had a Regular Title.

42. Because the 2004 Acura TL insured by USAA have a Reconstructed Title, the USAA Policy provided a lesser comprehensive and collision coverage benefit for a total loss, all the while USAA charged a higher premium for the vehicle as if it had a Regular Title.

43. Paul Petery seeks to represent a class of persons to whom USAA has issued motor vehicle policies where: (a) each member of the class owned a vehicle with a Reconstructed Title; (b) each member of the class was issued a motor vehicle policy by USAA providing comprehensive and collision coverage for that vehicle; (c) USAA knew that the insured vehicle had a Reconstructed Title at the time of the issuance of the policy; (d) each member of the class was involved in an accident in which the insured vehicle was declared a total loss by USAA; (e) each member of the class made claim upon USAA for comprehensive or collision coverage for the total loss; (f) USAA agreed to pay a lesser amount for the total loss to each member of the class since the insured vehicle had a Reconstructed Title, than if it had a Regular Title; (g) each member of the class would have been paid a greater amount for the total loss to the insured vehicle if it had a Regular Title; and (h) USAA charged the same premium for the insured vehicle with a Regular Title as for the insured vehicle with a Reconstructed Title all the while knowing that the insured owning the vehicle with the Reconstructed Title would be paid a lesser amount in the event of a total loss.

44. Paul Petery reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

45. The class is comprised of persons who were issued policies by USAA providing comprehensive and collision coverage for vehicles with a Reconstructed Title who paid the same premium as for a vehicle with a Regular Title.

46. The members of the class are so numerous that joinder of them is impracticable.

7

Case ID: 220900046

47. Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of USAA.

48. A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and received the necessary return of premiums for the illusory coverage from USAA.

49. A class action is the only practicable means available to prevent USAA from engaging in the continuous and systematic illegal and unlawful conduct and to remedy the harm created by this illegal and unlawful conduct.

50. The questions of law and fact are common to the members of the class which Paul Petery seeks to represent.

51. The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

52. The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a) Each member of the class was issued an auto policy by USAA providing comprehensive and/or collision coverage;

(b) USAA knew that the insured vehicle had a Reconstructed Title;

(c) USAA charged premiums for comprehensive and/or collision coverage under the policy issued to each member of the class;

(d) USAA charged the same premium to each member of the class whether the insured vehicle had a Regular Title or a Reconstructed Title;

(e) Following a motor vehicle accident, each member of the class presented a comprehensive and/or collision claim to USAA;

(f) Following receipt of the claim, USAA determined that the collision resulted in a total loss;

8

(g) USAA agreed to pay each member of the class for the total loss to the insured vehicle;

(h) The amount which USAA agreed to pay each member of the class for the total loss to a vehicle with a Reconstructed Title was less than the amount which would have been paid if the vehicle had a Regular Title;

(i) USAA agreed to pay a lesser amount to each member of the class owning a vehicle with a Reconstructed Title as opposed to owning a vehicle with a Regular Title;

(j) Nonetheless, USAA charged the same premium for the comprehensive and/or collision coverage for the insured vehicle with the Regular Title as well as for the insured vehicle with the Reconstructed Title all the while knowing that the coverage benefit for a total loss would be less for the vehicle with the Reconstructed Title;

(k) Each member of the class is entitled to: (a) be paid the amount for the total loss to an insured vehicle in the same amount as if the vehicle had a Regular Title; and/or (b) each member of the class is to be reimbursed the additional premiums paid for the greater coverage benefit which he/she did not receive.

53. Paul Petery is a member of the class that he seeks to represent.

54. The claims of Paul Petery are typical of the claims of other members of the class which he purports to represent.

55. Paul Petery is well qualified to act as class representative.

56. Paul Petery will fairly and adequately protect the interests of the members of the class.

57. Paul Petery has no interest that is adverse or antagonistic to the interests of the members of the class.

58. Paul Petery is committed to prosecuting the class action.

59. Paul Petery has retained competent counsel who are experienced in litigation of this nature.

9

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are being paid a lesser amount for a total loss to a vehicle with a Reconstrued Title than the amount paid to an insured for a total loss to a Regular Title.

62. The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

63. It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

64. Paul Petery anticipates no difficulty in the management of this action as a class action.

65. The class action brought by Paul Petery is a convenient and proper forum in which to litigate the claim.

66. The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront USAA with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

67. Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

Case ID: 220900046

68. Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of USAA.

## COUNT I
### (Breach of Contract – Value of Vehicle)

69. Paul Petery hereby incorporates by reference the foregoing Paragraphs 1 through 68 of this Complaint as though same were fully set forth herein.

70. USAA issued a motor vehicle policy to Paul Petery, and to each member of the class, providing comprehensive and/or collision coverage.

71. Paul Petery, and each member of the class, insured a vehicle with USAA which had a Reconstructed Title.

72. USAA was aware, upon issuance of the policy to Paul Petery and each member of the class that the insured vehicle had a Reconstructed Title.

73. USAA agreed to pay for all covered losses under the policy in question in accordance with the terms and provisions of the Policy.

74. Paul Petery, and each member of the class, sustained a total loss for the insured vehicle in a motor vehicle accident.

75. Following the motor vehicle accident, Paul Petery and each member of the class made claim upon USAA for recovery of comprehensive and/or collision coverage in accordance with the terms of the Policy.

76. Following receipt of the claim, USAA agreed to pay Paul Petery and each member of the class for the total loss for the vehicle with the Reconstructed Title which was less than the amount which would have been paid if the insured vehicle had a Regular Title.

11

77. USAA agreed to pay Paul Petery and each member of the class a lesser amount for the total loss to the vehicle with the Reconstructed Title than as if the vehicle had a Regular Title.

78. USAA breached the policy of insurance by failing to agree to pay to Paul Petery, and each member of the class, the value of the vehicle for a total loss in the same amount as if the vehicle had a Regular Title rather than a Reconstructed Title.

79. As a result of the failure of USAA to agree to pay the amount for the total loss of the insured vehicle as if it had a Regular Title, Paul Petery, and each member of the class, has sustained a loss.

80. Paul Petery, and each member of the class, is entitled to be paid the amount USAA agreed to pay for the vehicle if the vehicle had a Regular Title rather than the lesser amount USAA agreed to pay because the insured vehicle had a Reconstructed Title.

WHEREFORE, the plaintiff, Paul Petery, demands judgment on his own behalf, and on behalf of each member of the class, in an amount equal to the dollar value which would have been paid for the total loss had the insured vehicle had a Regular Title rather than a Reconstructed Title.

## COUNT II
### (Breach of Contact -- Return of Premiums)

81. Paul Petery hereby incorporates by reference the foregoing Paragraphs 1 through 80 of this Complaint as though same were fully set forth herein.

82. USAA issued a motor vehicle policy to Paul Petery, and to each member of the class, providing comprehensive and/or collision coverage.

83. Paul Petery, and each member of the class, insured a vehicle with USAA which had a Reconstructed Title.

12

84. USAA was aware, upon issuance of the USAA policy to Paul Petery and to each member of the class, that the insured vehicle had a Reconstructed Title.

85. USAA agreed to pay for all covered losses under the policy in question in accordance with the terms and provisions of the Policy.

86. Paul Petery, and each member of the class, sustained a total loss of the vehicle in a motor vehicle accident.

87. Following the motor vehicle accident, Paul Petery and each member of the class made claim upon USAA for recovery of comprehensive and/or collision coverage in accordance with the terms of the Policy.

88. Following receipt of the claim, USAA agreed to pay Paul Petery and each member of the class an amount for the total loss which was less than the amount which would have been paid if the insured vehicle had a Regular Title.

89. USAA agreed to pay Paul Petery and each member of the class a lesser amount for the total loss than as if the vehicle had a Regular Title since the insured vehicle, in fact, had a Reconstructed Title.

90. Paul Petery, and each member of the class, however, had paid the same premium for comprehensive and collision coverage as if the vehicle had a Regular Title rather than a Reconstructed Title.

91. As a result, Paul Petery, and each member of the class, paid an increased premium for coverage for a total loss for the insured vehicle with a Reconstructed Title which coverage would never be provided by USAA.

92. Paul Petery, and each member of the class, is entitled to recover the excess premiums paid for collision and comprehensive coverage for the insured vehicle with a

13

Reconstructed Title since the covered benefit was less than that which was afforded by USAA for a vehicle with a Regular Title.

93. Paul Petery, and each member of the class, paid premiums for comprehensive and/or collision coverage for an insured vehicle with a Reconstructed Title in the same amount as if the vehicle had a Regular Title.

94. Paul Petery, and each member of the class, paid premiums for coverage which USAA refused to provide since the insured vehicle had a Reconstructed Title rather than a Regular Title.

95. If Paul Petery, and each member of the class, is only entitled to a lesser coverage benefit for comprehensive and collision coverage because the insured vehicle had a Reconstructed Title, then Paul Petery and each member of the class is entitled to the return of the additional, excess premiums paid for that comprehensive and collision coverage since a greater coverage benefit was provided by USAA for a vehicle insured with a Regular Title.

WHEREFORE, the plaintiff, Paul Petery, individually and on behalf of each member of the class, demands judgment against the defendant, USAA Casualty Insurance Company, for the amount of excess premiums paid for the insured vehicle with a Reconstructed Title.

### COUNT III
### (Violation of Consumer Protection Law)

96. Paul Petery hereby incorporates by reference the foregoing Paragraphs 1 through 99 of this Complaint as though same were fully set forth herein.

97. Paul Petery and each member of the class paid an additional premium for comprehensive and/or collision coverage for a vehicle with a Reconstructed Title in the same amount as if the vehicle had a Regular Title.

14

Case ID: 220900046

98. Following a total loss, Paul Petery and each member of the class, made claim upon USAA for comprehensive and/or collision coverage.

99. Following receipt of the loss, USAA agreed to pay Paul Petery, and each member of the class, an amount less than would have been paid if the insured vehicle had a Regular Title rather than a Reconstructed Title.

100. USAA charged a premium for comprehensive and collision coverage to Paul Petery and each member of the class as if the insured vehicle had a Regular Title rather than a Reconstructed Title.

101. USAA engaged in actions and practices deemed unlawful by the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("CPL") by agreeing to pay a lesser amount for a total loss for an insured vehicle with a Reconstructed Title while charging premiums for a total loss in the same amount as if the vehicle had a Regular Title; therefore, USAA engaged in unfair and deceptive practices as defined by § 201-2(4)(v)(vii) and (xxi) of the CPL deemed unlawful by § 201-3 of the CPL.

102. As a result of the violations of the CPL by USAA, Paul Petery and each member of the class, are entitled to actual damages, i.e. additional property damage and/or return of premiums or $100.00, whichever is greater, pursuant to § 201-9.2 of the CPL.

103. As a result of the violations of the CPL by USAA, Paul Petery and each member of the class, are entitled to three times actual damages, not less than $100.00, pursuant to § 201-9.2 of the CPL for the unlawful acts and deceptive practices.

WHEREFORE, the plaintiff, Paul Petery, individually and on behalf of each member of the class, requests that the Court award actual damages, i.e. the additional property loss and/or return of premiums, or $100.00, whichever is greater as well as treble damages pursuant to §

15

201-9.2 of the Unfair Trade Practices and Consumer Protection Law.

          HAGGERTY, GOLDBERG,
          SCHLEIFER & KUPERSMITH, P.C.


          BY:   /s/ James C. Haggerty
          JAMES C. HAGGERTY, Esquire
          PA Attorney I.D. # 30003
          1801 Market St, Suite 1100
          Philadelphia, PA  19103
          (267) 350-6600
          FAX (215) 665-8197

          SCHMIDT KRAMER P.C.

          BY: /s/ Scott Cooper
          SCOTT B. COOPER, Esq.
          PA Attorney I.D. # 70242
          209 State Street
          Harrisburg, PA 17101
          (717) 232-6300


          SHUB LAW FIRM

          BY:   /s/ Jonathan Shub
          JONATHAN SHUB, Esquire
          KEVIN LAUKAITIS, Esquire
          PA Attorney I.D. # 53965
          134 Kings Highway East, 2nd Floor
          Haddonfield, NJ  08033
          (856) 772-7200

          JACK GOODRICH & ASSOCIATES

          BY: /s/ Jack Goodrich
          JOHN P. GOODRICH, ESQUIRE
          PA ATTORNEY I.D. #49648
          429 Fourth Avenue
          Pittsburgh, PA  15219
          (412) 261-4663

          Attorneys for Plaintiff

## VERIFICATION

I, James C. Haggerty, Esquire, state that the facts set forth in this pleading are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.

BY: _____
James C. Haggerty, Esquire

Case ID: 220900046

## CERTIFICATE OF SERVICE

James C. Haggerty, Esquire, hereby certifies that a copy of the Complaint was served on the date noted below via electronic filing, addressed as follows:

Alyse F. Stach, Esquire (astach@bakerlaw.com)
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.

BY: /s/James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA 19103
(267) 350-6600
FAX (215) 665-8197

Attorneys for Plaintiffs

Date: 1/17/23