IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL PETERY, individually and on behalf of a class of similarly situated persons,<br>    Plaintiff, | : <br> : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 23-604 |
| USAA CASUALTY INSURANCE COMPANY,<br>    Defendant. | : <br> : <br> : <br> : | |

**MEMORANDUM**

**Schmehl, J.**   /s/ JLS                                    January 25, 2024

## I.   INTRODUCTION

Before the Court is the motion of Defendant, USAA Casualty Insurance Company ("USAA") to dismiss the Amended Complaint filed by Plaintiff, Paul Petery ("Plaintiff" or "Petery"). Petery filed an Amended Complaint seeking return of premiums paid and relief for unjust enrichment. Based upon the parties' submissions, Defendant's motion will be granted and this matter will be dismissed.

## II.   BACKGROUND

Plaintiff's 2004 Acura TL was insured by an automobile insurance policy issued by USAA. (First Amended Complaint, "FAC" ¶¶ 8-9, 21, 26.) In January 2020, Petery's Acura was involved in an accident and determined to be a total loss by USAA. (FAC ¶¶ 22-23.) After this accident, Petery chose to keep his vehicle, have it repaired, and then obtain a "Reconstructed Title" for it. (*Id.* ¶ 25.) In Pennsylvania, "Reconstructed Title" designations are applied to vehicles that are initially issued a "certificate of salvage" because they are inoperable, but "thereafter restored to operating condition." 75 Pa.S.C.A. § 1165; see also 75 Pa.S.C.A. § 1161 (requiring "certificates of salvage" to be applied to any "salvage vehicle"); 75 Pa. S.C.A. § 102

1

(defining "Salvage vehicle" as: "A vehicle which is inoperable or unable to meet the vehicle equipment and inspection standards under Part IV (relating to vehicle characteristics) to the extent that the cost of repairs would exceed the value of the repaired vehicle.")

Eight months after this first accident, Petery's Acura was involved in another accident and again determined to be a total loss. (FAC ¶¶ 31-32.) USAA again valued Petery's vehicle and determined that it was worth less at the time of this second accident than it had been at the time of the first. (*Id.* ¶¶ 35-37.) Plaintiff claims that it was improper that he "paid premiums for comprehensive and collision coverage for the 2004 Acura TL in the same amount as if it had a Regular Title rather than a Reconstructed Title." (*Id*. ¶¶ 38, 78-80, 93-95.) Plaintiff thus seeks to recover "all premiums paid in excess of the coverage benefit provided for comprehensive and collision coverage in the event of a total loss." (*Id.* at WHEREFORE clause.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc*., 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) "[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

In our analysis of a motion to dismiss, the Court of Appeals allows us to also consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## IV. <u>DISCUSSION</u>

Defendant's motion sets forth the following reasons for seeking dismissal of Plaintiff's Amended Complaint: 1) the claims are barred by the filed rate doctrine; 2) a "return of premiums" claim is not a viable cause of action; 3) Plaintiff cannot state a claim for unjust enrichment; and 4) Plaintiff was not charged an "excess" premium. (Docket No. 16, pp. 4-16.) In his brief in opposition to Defendant's motion to dismiss, Plaintiff only addresses the filed rate doctrine. However, each of these arguments provide an independent basis to dismiss Plaintiff's

claims, completely separate from the filed rate doctrine. This Court does not need to address the filed rate doctrine because it may dismiss Plaintiff's claims on these other independent grounds. See *Moors v. Integon Nat'l Ins. Co.*, 2023 WL 2692393, at *3 n.31 (E.D. Pa. Mar. 29, 2023) (declining to reach filed rate doctrine where complaint was subject to dismissal on other grounds). For the reasons discussed more fully below, I find that no cause of action exists for return of premiums, nor can Plaintiff state a claim for unjust enrichment. Accordingly, I will grant USAA's motion and dismiss this matter without addressing the other arguments set forth by Defendant[1].

### A. Return of Premiums

Count I of Plaintiff's Amended Complaint asserts a claim for "Return of Premiums." (FAC ¶¶ 69-83.) Under Pennsylvania law, however, "return of premiums is a remedy, not a cause of action." *Jones v. GEICO Choice Ins. Co.*, 617 F.Supp.3d 275, 287 (E.D. Pa. July 27, 2022); see also *Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 259 (Pa. Super. Ct. 2017) ("[A] count for 'Damages' is not a cause of action"). "Therefore, this count must be dismissed because it is not a claim upon which relief can be granted." *Jones*, 617 F.Supp.3d at 287. No further analysis is required, as count I of Petery's Amended Complaint does not contain a claim upon which relief can be granted.

### B. Unjust Enrichment

Count II of Petery's Amended Complaint contains a claim for unjust enrichment. However, it is well known that "[a] cause of action for unjust enrichment may arise only when there is no express contract between the parties." *Khawaja v. RE/MAX Cent.,* 151 A.3d 626, 633 (Pa. Super.

---

[1] As noted above, in his opposition to USAA's Motion to Dismiss, Petery only sets forth argument regarding the "filed rate doctrine." His brief contains no opposition to Defendant's claims regarding the return of premiums or unjust enrichment. As those arguments contained in Defendant's motion are unopposed, I could grant the motion on that basis alone. However, to be thorough, I will address the merits of both claims.

2016). As Petery admits in his Amended Complaint, "at all times material hereto" he was insured under "an auto policy issued by USAA to Paul Petery." (FAC ¶¶ 8, 21, 26.) Accordingly, Petery cannot state a claim for unjust enrichment because his relationship with USAA is founded upon a written policy – his insurance policy. *See Ke v. Liberty Mut. Ins. Co.,* 2021 WL 5203150, at *5 (E.D. Pa. Nov. 9, 2021) (dismissing unjust enrichment claims premised on insurer's allegedly unlawful retention of premium because the plaintiff "paid [the insurer] his monthly premiums under a valid insurance contract"), *aff'd*, 2023 WL 142290 (3d Cir. Jan. 10, 2023); see also, *Berardi v. USAA General Indemnity Company*, 606 F.Supp.3d 158, 163 (E.D. Pa. 2022) (claim for unjust enrichment should be dismissed because "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract" and "Plaintiff has clearly alleged that there is a contract—the insurance policy at issue—between the parties".)

In the instant matter, Petery has clearly alleged the existence of a contract between he and USAA in the form of the insurance policy in dispute. Accordingly, his claim of unjust enrichment is improper and Count II of his Amended Complaint should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Amended Complaint is dismissed with prejudice.